UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                :

GUSTAV KLOSZEWSKI,                   :

                          :    **ORDER DENYING MOTION TO**
                  Petitioner,      :    **VACATE**
    -against-                           :

                          :    20 Civ. 3998 (AKH)
UNITED STATES OF AMERICA,      :    16 Cr. 200 (AKH)
                          :

                 Respondent.     :

                                                  :
----------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Petitioner Gustav Kloszewski was convicted following a jury trial of conspiracy

to traffic in firearms, in violation of 18 U.S.C. § 371; firearms trafficking, in violation of 18

U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D); Hobbs Act robbery conspiracy, in violation of 18

U.S.C. § 1951; and conspiracy to distribute and possess with intent to distribute controlled

substances, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  The evidence showed that

Petitioner participated in a scheme whereby he and his coconspirators stole firearms from a home

in Florida, the coconspirators brought the firearms to New York and sold them, and Petitioner

and his conspirators made arrangements to rob a drug dealer.  I sentenced Petitioner to 360

months of imprisonment and five years of supervised release.

         Petitioner now moves (ECF No. 284) to vacate his sentence, arguing that he

received ineffective assistance of counsel because his trial counsel, Patrick Joyce, told him to

reject a plea offer and failed to locate and question witnesses.  Pursuant to my order, Mr. Joyce

submitted a sworn declaration responding to Petitioner's factual claims.  ECF No. 286.

Petitioner then submitted the sworn affidavit of Ralph Abravaya, who claims that Mr. Joyce

never contacted him during the investigation of potential witnesses.  ECF No. 287.

         Petitioner's motion to vacate his conviction is denied.

A petitioner challenging his conviction on the basis of ineffective assistance of counsel must show "that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  To warrant a hearing on a Section 2255 motion based on ineffective assistance of counsel, a movant must establish that he has a plausible claim. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).  Neither of Petitioner's asserted bases for ineffective assistance of counsel meet this standard.

First, Petitioner argues that he would have accepted a plea offer if not for Mr. Joyce's advice.  Specifically, according to Petitioner, Mr. Joyce assured Petitioner that certain audio recordings would be excluded and that the case would be dismissed, and Mr. Joyce failed to warn Petitioner about the sentencing consequences of Petitioner's career offender status.  Mr. Joyce's declaration denies these charges and gives extensive supporting details that make Petitioner's charges incredible.  The record of proceedings gives further support.   Petitioner's career offender status was discussed on the record in Petitioner's presence.  ECF No. 102 at 18:3-6.  I told him that if convicted, "the prospect [is] that [Petitioner] is going to have to spend the rest of his useful life in jail." *Id.* at 23:19-22.  At another conference, the Government stated on the record, again in Petitioner's presence, that Petitioner rejected a plea offer as late as May 21, 2017, ten days after I denied a motion to dismiss.  ECF No. 163 at 34:19-35:2.  I find that Petitioner continued to reject plea offers after his counsel and others warned him of the risks and consequences. *See Puglisi*, 586 F.3d at 214 (2d Cir. 2009) ("[A] district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding.").  Thus, he cannot show that counsel's representation fell below an objective standard of reasonableness, nor can he show prejudice.

Second, Petitioner claims that Mr. Joyce failed to locate and interview several key witnesses: Sian Stafford, Blake Hann, and "Carlos," Petitioner's coconspirators; and "Justin," the victim of the home invasion in which Petitioner and his coconspirators stole the firearms. Mr. Joyce attests to his efforts to locate these individuals, including by hiring a private investigator and by contacting an individual named "Ralph," who Petitioner thought could help find the witnesses but ultimately did not offer any helpful leads. Mr. Joyce further notes that he did not expect the potential witnesses to be able to offer exculpatory information.

Petitioner submitted an affidavit from Ralph Abravaya, presumably the "Ralph" discussed in Mr. Joyce's declaration. Mr. Abravaya asserts that neither Mr. Joyce nor his associates ever contacted him. Even if Mr. Abravaya's claim that he was never contacted in the investigation is true, his affidavit does not help Petitioner. Mr. Abravaya claims that he does not know Stafford, Carlos, or Justin, meaning he never would have been able to lead Mr. Joyce to these purportedly exculpatory witnesses. Petitioner also does not offer any theory as to how Mr. Joyce could have located them. Finally, Petitioner cannot show how he was prejudiced by the failure to secure testimony from these witnesses. *See Mazer v. United States*, 2018 WL 7080450, at *5 (S.D.N.Y. Dec. 20, 2018) (for ineffective assistance claim based on failure to interview or call witnesses, "petitioner may not merely allege that certain . . . witnesses might have supplied relevant testimony, but must state exactly what testimony they would have supplied and how such testimony would have changed the result" (internal quotation marks omitted)). To the contrary, Stafford and Hann were cooperating witnesses who helped authorities gather evidence leading to Petitioner's arrest.

As a final note, having presided over the entirety of Petitioner's proceedings, I observed that Mr. Joyce conducted as effective a defense as seemed to be possible.

Thus, Petitioner's motion to vacate his conviction is denied. The Clerk is directed to close the open motion (ECF No. 284) on the criminal docket, Case No. 16 Cr. 200, and to

close the civil case, Case No. 20 Civ. 3998.  The Clerk's Office is directed to mail a copy of this

order to Gustav Kloszewski, Register No. 34390-019, USP Lewisberg, P.O. Box 1000,

Lewisburg, PA 17837.

        SO ORDERED.

Dated:        July 24, 2020                      /s/ Alvin K. Hellerstein
                New York, New York           ALVIN K. HELLERSTEIN
                                            United States District Judge

4